UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LATISSHA MONIQUE JOHNSON,

        Petitioner,

vs.                                         Case No. 3:20-cv-1110-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

## **ORDER**

### I. STATUS

Petitioner Latissha Monique Johnson is proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) challenging her Duval County convictions, case number 2012CF0005381 for defraud financial institution by scheme/false/fraudulent pretenses/promises/representation (count two) and driving while license suspended or revoked (DWLSR) (count three), and case number 2012CF0006828 for criminal use of personal identification information (count one). Respondents filed an Answer in Response to Petition for Writ of Habeas

Corpus (Response) (Doc. 11) with Exhibits.[1]  Petitioner filed a reply entitled Brief of Petitioner (Doc. 14).

## II.  HABEAS REVIEW

The role of this Court is limited when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254; "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021).  Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.  Id.

If there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the

---

[1] The Court references the docket and page numbers assigned by the electronic filing system.

unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(e)(1)), cert. denied, 141 S. Ct. 2469 (2021). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).[2] Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, 142 S. Ct. 124 (2021). As such, a federal

---

2 The Court finds the reasoning of Brannan persuasive on this point. See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent. See Rule 32.1, Fed. R. App. P. The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

Of import, "[i]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Indeed, a habeas petition grounded on issues of state law provides no basis for federal habeas relief as a violation of state statute or rule of procedure does not constitute a violation of the federal constitution. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (per curiam). As such, a federal writ is only available in cases amounting to federal constitutional error. Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993). This is so even if the claim is "couched" in terms of alleged constitutional violations, like due process. Branan, 861 F.2d at 1508.

The two-part Strickland standard governs claims of ineffective assistance of counsel.[3] Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021). See Freeman v. Comm'r, Ala. Dep't of Corr., 46 F.4th 1193, 1220 (11th Cir. 2022) ("In an ineffective assistance of counsel claim, § 22543(d)'s terms are judged by the standard set

---

3 Strickland v. Washington, 466 U.S. 668 (1984).

4

forth in Strickland v. Washington."), cert. denied, No. 22-6851, 2023 WL 3046178 (April 24, 2023). Pursuant to this standard, a defendant must show: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. A district court need not address both prongs if a petitioner makes an insufficient showing on one. Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam) (relying on Strickland), cert. denied, 142 S. Ct. 788 (2022).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022). Additionally, combining the deferential standard for judging the performance of counsel with the extra layer of deference that § 2254 provides, the resulting double deference "is doubly difficult for a petitioner to overcome[.]" Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (2011).

To determine whether Petitioner is entitled to habeas relief, this Court must ask (1) whether the [state court] decisions were 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined'

in Strickland, or (2) whether the . . . decisions were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" Whatley v. Warden, Ga. Diagnostic & Classification Ctr., 927 F.3d 1150, 1175 (11th Cir. 2019) (citations omitted), cert. denied, 141 S. Ct. 1299 (2021). The AEDPA standard is quite difficult to meet as a state court's decision must be given deference and latitude.

With respect to an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The ineffective assistance of counsel may require a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995) (citations omitted).

This Court must be mindful that in a post-conviction challenge to a guilty plea, the representations of the defendant, his counsel, and the prosecutor at the plea hearing, plus the findings of the judge, constitute "a formidable barrier." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, a defendant's solemn declarations in open court carry a strong presumption of

verity. Thus, later contentions by a defendant contrary to the record may be deemed wholly incredible based on the record.

## III.  GROUNDS

Petitioner raises four grounds: (1) invalid plea/double jeopardy; (2) biased judge; (3) conflict with trial counsel; and (4) amendment changed Florida Constitution (Amendment 11 repeals the Savings Clause). Petition at 5, 7, 8, 10. The Court concludes no evidentiary proceedings are required in this Court on these four grounds. The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess these four claims without any further factual development. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## IV.  DISCUSSION

### A.  Ground One

Petitioner exhausted ground one of the Petition by raising it in a motion to correct illegal sentence. Ex. P (Doc. 11-16 at 5-10). The circuit court ordered the state to respond. Id. at 29-31. The state responded explaining there were three DWLSR charges, case no. 162011CT019592 (dropped); case no. 162012CT004493 (plea 6/12/12, sentenced to one day jail time); and case no. 162012CF005381, and no double jeopardy violations. Id. at 32-44. The

circuit court denied the motion to correct. Id. at 45-47. Petitioner appealed the circuit court's decision to the First District Court of Appeal (1st DCA). Id. at 52; Ex Q (Doc. 11-17); Ex. R (Doc. 11-18). On May 11, 2020, the 1st DCA per curiam affirmed the decision of the trial court. Ex. S (Doc. 11-19). Petitioner moved for rehearing. Ex. T (Doc. 11-20 at 2-25). The 1st DCA denied rehearing. Id. at 26. The mandate issued on July 8, 2020. Ex. U (Doc. 11-21).

The Double Jeopardy Clause protects against a second prosecution for the same offense after conviction. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled in part on other grounds by Ala. v. Smith, 490 U.S. 794 (1989). Upon review, there has been no double jeopardy violation. The record demonstrates one DWLSR charge was dropped (case no. 162011CT019592), Petitioner pled to a second DWLSR charge on June 12, 2012 (case no. 162012CT004493), and Petitioner pled to a third DWLSR charge on March 27, 2014 (case no. 162012CF005381) and was sentenced on July 2, 2014 to 60 days, time served. See Ex. A (Doc. 11-1); Ex. C (Doc. 11-3); Ex. E (Doc. 11-5); Ex. P (Doc. 11-16). As such, there has been no double jeopardy violation.

Petitioner was not prosecuted for the same offense after conviction. Therefore, the state court's decision is entitled to deference under AEDPA, and

Petitioner is not entitled to federal habeas relief on ground one because she has not established that she was twice convicted for the same offense.

## B.   Ground Two

In her second ground, Petitioner claims her due process rights were violated by a racist and biased trial judge, Mark Hulsey, III, a former circuit court judge. Petition at 7; Reply at 6. Petitioner argues, "[t]he Due process Clause clearly requires a 'fair trial' in a fair tribunal, before a judge with no actual bias against the defendant[.]" Reply at 6 (quoting Bracy v. Gramley, 520 U.S. 899, 904-5 (1997) (internal quotation omitted)). Petitioner avers that she exhausted her state court remedies by presenting her due process claim on direct appeal and in a Rule 3.850 motion. Petition at 7-8.

Appellate counsel filed an Anders[4] brief. Ex. J (Doc. 11-10). In her pro se appeal brief, Petitioner raised the following claim: "Did the Trial Court Judge's inherent prejudice and bias against African Americans and women result in the Appellant receiving a vindictive sentence?" Ex. L (Doc. 11-12 at 3). Petitioner raised the claim that the trial court imposed a vindictive sentence motivated by racial and sexual bias, not a due process claim. As

---

4 Anders v. Cal., 386 U.S. 738 (1967).

9

such, she did not exhaust the due process claim she raises in her federal Petition on direct appeal.

Petitioner raised the claim that a biased judge presided over her sentencing in violation of the Due Process Clause in her Rule 3.850 motion. Ex. Y (Doc. 11-25 at 3-5). However, she did not fully exhaust her state court remedies because she did not appeal the denial of her Rule 3.850 motion. Ex. Z (Doc. 11-26). See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam) (noting section 2254(b) requires the exhaustion of state court remedies, and Florida usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial). Her excuse is that due to the pandemic, she missed the time to file an appeal. Petition at 8. She offers the following explanation: "[n]o appeal filed on Amended Motion for Post Conviction Relief due to the pandemic and being able to use the prison library as need be." Id. at 21.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted her state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th

Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 566 U.S. 1, 10 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999). If cause is established, a petitioner must demonstrate prejudice. To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if she satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995). The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent. Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d

1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).

As Petitioner is procedurally barred from raising ground two, she must demonstrate cause and prejudice. Petitioner has not pointed to any external impediment that prevented her from appealing the denial of her postconviction motion. Ward v. Hall, 592 F.3d 1144, 1176-77 (11th Cir.), cert. denied, 562 U.S. 1082 (2010) (finding interference by state officials that impeded the raising of a claim).

The record shows Petitioner raised the due process claim in her Amended Rule 3.850 motion. Therefore, she was well aware of the claim. The circuit court's Order Denying Amended Motion for Postconviction Relief advised Petitioner that she "may file a Notice of Appeal in writing within 30 days of the date of rendition of this Order." Ex. Z (Doc. 11-26 at 6). As such, she was forewarned that she had 30 days to file a notice of appeal. Petitioner has pointed to no external impediment that prevented her from timely filing a notice of appeal.

Limited access to the prison law library would not have prohibited Petitioner from simply filing a notice of appeal or moving for an extension of time. Petitioner had already presented her due process claim to the circuit court, so she was not attempting to flesh out the nature of her claim. Under

12

these circumstances, her bare and conclusory excuse for failing to pursue an appeal is insufficient to show cause. Furthermore, she has not shown prejudice.[5]

The Court concludes that Petitioner has failed to show cause and prejudice. Petitioner has failed to show that failure to address ground two would result in a fundamental miscarriage of justice. This is not an extraordinary case as Petitioner has not made a showing of actual innocence.

The Court finds ground two, the due process claim, procedurally defaulted and the fundamental miscarriage of justice exception inapplicable. Petitioner's procedural default bars this Court's review of ground two.

### C.   Ground Three

In her third ground, Petitioner's contends her hired counsel, Travis Reinhold, prosecuted Petitioner in 2001 but failed to apprise her of that fact, subjecting her to a conflict with trial counsel. Petition at 8, 18. Petitioner claims that had she known, her family would not have hired Mr. Reinhold

---

5 Petitioner received the benefit of her plea bargain. She pled guilty with the understanding that the sentencing range would be from 3 to 15 years. Ex. D (Doc. 11-4 at 2). She was advised that there was a three-year minimum mandatory term involved. Id. at 2. The prosecutor told the court the state agreed to a plea arrangement of 3 to 15 years, arguing that Petitioner deserved "**at least ten years** in prison based on her involvement." Ex. E (11-5 at 45) (emphasis added). Another individual who was involved in the crime, Lorenzo Jackson, pled and received 15 years when the state asked that he be given a sentence of over 10 years. Id. at 48. Ultimately, the court sentenced Petitioner to 12 years concurrent, less time than given Lorenzo Jackson and well within the terms of Petitioner's stated plea agreement. Id. at 52. There is no evidence of a vindictive sentence.

13

because of a possible conflict of interest. Id. at 18. Petitioner states that she did not become aware of this conflict until her cases were complete, and she was in the process of appealing her conviction and sentence. Id.

Petitioner contends that she exhausted ground three by raising it on direct appeal. Ex. L (Doc. 11-12 at 3). The Court is not entirely convinced that Petitioner fairly presented her claim of conflict with trial counsel in her pro se appellate brief. The claim she raised on direct appeal was, "[d]id the Trial Court err in not appointing a conflict-free counsel?" Id. at 3, 6. Indeed, she argued on appeal that the appellate court should automatically reverse her conviction because the trial court failed to conduct an inquiry or appoint separate counsel. Id. at 7. Thus, Petitioner exhausted an entirely different claim, a claim of trial court error, not a claim of ineffective assistance of counsel due to a conflict. The 1st DCA affirmed. Ex. M (Doc. 11-13).

Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if this Court does not reach ground three. The Court finds ground three procedurally defaulted and the fundamental miscarriage of justice exception inapplicable. Petitioner's procedural default bars this Court's review of ground three.

To the extent Petitioner was attempting to raise a claim of ineffective assistance of counsel due to conflict, such a claim should have been raised in a

14

Rule 3.850 motion. It was not. Therefore, the claim is unexhausted and procedurally defaulted. Again, Petitioner has not shown cause and prejudice or that the fundamental miscarriage of justice exception applies.

Alternatively, even assuming Mr. Reinhold previously prosecuted Petitioner ten years before, that mere fact "does not constitute ineffective assistance of counsel." Aldridge v. Sec'y, Dep't of Corr., No. 1:13-cv-206-MP-GRJ, 2016 WL 7480398, at * 20 (N.D. Fla. Oct. 5, 2016), report and recommendation adopted by 2016 WL 7478978 (N.D. Fla. Dec. 29, 2016). There is nothing in Petitioner's allegations demonstrating that Mr. Reinhold "was actively representing conflicting interests" while he was representing Petitioner in her two cases. Id. Petitioner does not contend Mr. Reinhold was then employed as a prosecutor or was actively representing incompatible interests. Petitioner's allegations are based on mere speculation, not any evidence of an actual conflict amounting to ineffective assistance of counsel. As such, Mr. Reinhold's former position creates nothing more than a mere theoretical division of loyalties. Id. (citations omitted).

Therefore, Petitioner's perceived conflict of interest amounts to nothing more than speculative ruminations. See Response at 27. As such, the conflict-of-interest claim fails. Petitioner is not entitled to habeas relief on ground three.

15

### D.   Ground Four

In her final ground, Petitioner claims Amendment 11 changed the Florida Constitution, and she is entitled to a reduced sentence.  Petition at 10, 19-20.  In her Rule 3.850 motion, she alleged the three-year minimum mandatory sentence in § 817.568(2)(b), Florida Statutes, for criminal use of identification, does not apply because the Saving Clause of the Florida Constitution forbids making changes to criminal sentencing laws retroactive.  The circuit court denied relief.  Ex. Z at 2-3.  The record demonstrates Petitioner failed to exhaust this ground because she failed to appeal the denial of her Rule 3.850 motion.  See Leonard, 601 F.2d at 808.  As previously discussed, she has shown neither cause and prejudice nor actual innocence to overcome this procedural bar.

Alternatively, this is a state law claim.  See Response at 32-35.  Petitioner complains about application of a change in state law, clearly not a claim of federal constitutional dimension.  Indeed, this claim involves an interpretation of state law by state courts, not a claim of constitutional dimension that Petitioner is in custody in violation of the Constitution or law or treaties of the United States.  28 U.S.C. § 2254(a).  Of import, the writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights."  Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000)

16

(citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)), cert. denied, 531 U.S. 1170 (2001).

This Court will not reexamine state-court determinations on issues of state law. See Estelle, 502 U.S. at 67-68. As the Eleventh Circuit has instructed, "state law is what the state courts say it is." Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1299 (11th Cir. 2017), cert. denied, 139 S. Ct. 193 (2018). Indeed, "it is not a federal court's role to examine the propriety of a state court's determination of state law." Id.

Florida courts are the expositors of the state's laws. This Court's role does not include reexamining state-court determinations on state-law questions. As such, a federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992). To the extent Petitioner's claim raised in ground four presents an issue that is not cognizable in this habeas proceeding, it cannot provide a basis for federal habeas corpus relief. Furthermore, the Court finds there is no breach of a federal constitution mandate and Petitioner is not entitled to federal habeas relief on ground four.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[6]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of June, 2023.

_____
BRIAN J. DAVIS
United States District Judge

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

sa 5/31
c:
Latissha Monique Johnson
Counsel of Record

19